# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN LEE GOUGHER, BOP #71150-097,<br><br>                      Plaintiff,<br><br>vs.<br><br>SMITH, Warden of MCC; C.O. OROSCO, Correctional Officer; C.O. Lt. KAAWALOA, Correctional Officer/SHU; C.O. SHAEBORN, Counselor/7th Floor; C.O. Counselor CLEVELAND; C.O. Unit Manager CASTILLO; All Members of SHU Team,<br><br>                      Defendants. | Case No.: 3:18-cv-00521-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

On March 9, 2018, Plaintiff Marlin Gougher initiated this action by filing the Complaint (ECF No. 1). Plaintiff was formerly a federal pretrial detainee at the Metropolitan Correctional Center ("MCC") in San Diego, California, but has been convicted and transferred to the Federal Correctional Institution ("FCI") in Lompoc, California.[1]

---

[1] The Court takes judicial notice of Plaintiff's criminal judgment, entered on December 18, 2017, in *United States v. Gougher*, S.D. Cal. Criminal Case No. 3:14-cr-00635-WQH-1 (ECF No. 185). *See Bias v. Monyihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (federal courts "may take notice of proceedings in other

1

3:18-cv-00521-WQH-AGS

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), together with a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3).

## I. Motion to Proceed *IFP*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed *IFP*, but he nevertheless remains obligated to pay the entire fee in increments regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

---

courts . . . if those proceedings have a direct relation to matters at issue." (quoting *Bennett v. Medtronic, Inc*., 285 F.3d 801, 803 n.2 (9th Cir. 2002)). According to the Federal Bureau of Prisons ("BOP") Inmate Locator, Plaintiff is now incarcerated at FCI-Lompoc. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 8, 2018); *United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of information available to the public on the BOP's Inmate Locator). Therefore, the Court will direct the Clerk of Court to update the docket to reflect Plaintiff's current address and to ensure he is notified of the proceedings in this case. Plaintiff is cautioned, however, that it is his responsibility to "keep the court and opposing parties advised as to [his] current address." *See* S.D. Cal. CivLR 83.11.b.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Prisoners seeking leave to proceed *IFP* must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. The institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff has not attached a certified copy of his MCC and/or BOP trust account statements for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Without his certified trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

## II. Motion to Appoint Counsel

Plaintiff has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3). However, 28 U.S.C. § 1915(e)(1) only applies in proceedings *in forma pauperis*. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Because Plaintiff has not been granted leave to proceed *IFP*, he is not entitled to the appointment of counsel under 28 U.S.C. § 1915(e)(1).

## III. Conclusion and Order

The Motions to Proceed *IFP* (ECF No. 2) is DENIED. The Motion to Appoint Counsel (ECF No. 3) is DENIED. This civil action is DISMISSED without prejudice. To re-open his case, Plaintiff must, within forty-five days of this order, either: (1) prepay the full $400 filing fee or (2) file a renewed Motion to Proceed *IFP* together with the certified prison trust account statements required by 28 U.S.C. § 1915(a)(2).

3

3:18-cv-00521-WQH-AGS

The Clerk shall amend the docket to reflect Plaintiff's current address as: Marlin Lee Gougher, BOP Reg. No. 71150-097, Federal Correctional Institution, 3600 Guard Road, Lompoc, California, 93436.

Dated: May 31, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court